STATE OF IOWA, appellee, v. ROBERT WILLIAMS, appellant.

No. 51058.

(Reported in 123 N.W.2d 406)

SEPTEMBER 17, 1963.

Leo Oxberger, of Des Moines, for appellant.

658

Evan Hultman, Attorney General, and John H. Allen, Assistant Attorney General, for appellee.

PER CURIAM—▮ Defendant was charged by county attorney's information with the crime of operating a motor vehicle while his license was under suspension, in violation of section 321A.32, Code, 1962. He pleaded guilty and was fined $200. In default of payment of the fine he is to be confined in the Polk County jail *not to exceed* 20 days. Defendant's appeal comes to us upon a clerk's transcript.

We think the jail sentence for nonpayment of the fine is too indefinite to be permitted to stand. State v. Jackson, 251 Iowa 537, 546–549, 101 N.W.2d 731, 736–738; State v. Faught, 254 Iowa 1124, 1135, 120 N.W.2d 426, 432. Section 789.17, Code, 1962, requires such a judgment of imprisonment to specify "the extent of the imprisonment, which shall not exceed one day for every three and one-third dollars of the fine."

▮ "We have the power under Code section 793.18 to 'modify the judgment, or render such judgment as the district court should have done, * * * or reduce the punishment' * * * [citing State v. Jackson and State v. Faught, both supra]." State v. Edwards, 255 Iowa 446, 123 N.W.2d 4.

Section 793.18 applies also to appeals to our court from the municipal court. Section 602.44.

We modify the judgment of the municipal court by striking therefrom the words above italicized, *"not to exceed."* In default of payment of the fine defendant is to be confined in the Polk County jail 20 days. As thus modified the judgment is affirmed.
—Modified and affirmed.